IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| GRANE HEALTHCARE CO., | ) ) | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant, | ) ) | |
| and | ) ) | |
| EBENSBURG CARE CENTER, LLC d/b/a CAMBRIA CARE CENTER, | ) ) | |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, Pub. L. 110-325, and Title I of the Civil Rights Act of 1991 to correct unlawful employment policies and practices on the basis of disability and to provide appropriate relief to the individuals listed in Paragraph 11 below and other similarly situated job applicants, who were adversely affected by such practices. As alleged with greater particularity in Paragraph 12(a) through (g) below, at all relevant times Defendants have maintained a policy of requiring job applicants to undergo medical examinations and inquiries prior to bona fide offers of employment in violation of the ADA. Pursuant to this policy, Defendants subjected the individuals listed in Paragraph 10 below, as well as a class of presently unidentified job applicants, to mandatory pre-offer medical exams and inquiries. Defendants then refused to hire numerous applicants because of information

1

unlawfully obtained during the medical exams and/or inquiries and, in some instances, because of disability, perception of disability, or record of disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.   This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1)& (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.      At all relevant times, Defendant Grane Healthcare Co. ("Grane"), a Pennsylvania corporation, has been continuously doing business in the Commonwealth of Pennsylvania and has continuously had at least 15 (fifteen) employees.

5.      At all relevant times, Defendant Grane has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§

12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Grane has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.     At all relevant times, Defendant Grane acted as an agent for Defendant Cambria regarding the unlawful conduct at issue in this matter and is thus considered an employer under Section 101(2) of the ADA, 42 U.S.C. § 12111(5)(A).

8.     At all relevant times, Defendant, Ebensburg Care Center LLC, d/b/a Cambria Care Center ("Cambria"), a Pennsylvania corporation, has been continuously doing business in the Commonwealth of Pennsylvania and has continuously had at least 15 (fifteen) employees.

9.     At all relevant times, Defendant Cambria has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

10.     At all relevant times, Defendant Cambria has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

<u>STATEMENT OF CLAIMS</u>

11.     More than thirty days prior to the institution of this lawsuit, the following individuals filed Charges with the Commission alleging violations of Title I of the ADA by Defendants Grane and Cambria:

> Terry Pearce
> Becki Rio
> Rebecca Hildebrand
> Terry Gallardy
> Nancy Sowalla
> Elanie Weber

Cynthia Ragley
Gloria Thomas
Clay Sidor
Mark Mulhearn
Linda Sidor
Sherry Hagerich
Christine Berish
Kathy Washic
Dana Fresch
Beverly M. Weber
Roxanne Lamer
Richard Little
Joseph P. Billy
Anthony Campagna
Brent Forsythe
Joy Little
Nora Nyland
Robert Rodkey
Lisa Charney
Lynn Hockenberry
Sue Passarella
Doreen Zupon
Jan Burgan
Janet Kelly
Janice Nagle
Chelsea Siska
Carol Burkhart
Heidi Zurenda
Cynthia Jewett
Therese Dow
Virginia L. Glass
Deborah A. Farrell
Carrie Kline
Brenda Kelly
John J. Wojno, Jr.
Jeanne M. Hess
GeorgeAnne Spade

All conditions precedent to the institution of this lawsuit have been fulfilled.

12.    Beginning in or about October 2009 and continuing, Defendants have engaged in

on-going unlawful employment practices at their Ebensburg, Pennsylvania facility, in violation

of Sections 102(a), (b)(1), (d)(1), & (d)(2)(A) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1), (d)(1), & (d)(2)(A).  The unlawful employment practices include the following:

a.   In or around October 2009, Grane and Cambria began soliciting for prospective employment current employees at the Laurel Crest Rehabilitation and Special Care Center in Ebensburg, PA, which Defendants planned to take over as of January 1, 2010 and re-name Cambria Care Center.

b.   The Laurel Crest employees were therefore required to re-apply for and be rehired for their positions.

c.   After applying for employment with Grane/Cambria but prior to receiving an offer of employment, Defendants subjected the Charging Parties named in Paragraph 10 above, as well as a class of approximately 240 other aggrieved former Laurel Crest employees who applied for employment with Grane/Cambria, to medical examinations and health inquiries in violation of the ADA.

d.   Defendants required each such applicant to undergo a physical examination and interview, including a urinalysis.

e.   Of the approximately 287 applicants comprised of former Laurel Crest employees, Defendants ultimately hired approximately 207 individuals and refused to hire 80.

f.   Defendants refused to hire a class of aggrieved applicants because of information Defendants unlawfully obtained through pre-offer medical examinations and inquiries in violation of the ADA.

     g.     Defendants also refused to hire a number of the applicants, including but not limited to Nagle, Spade, Sowalla, Ragley, Sidor (Clay), Sidor (Linda), Fresch, Dow, Farrell, and Kelly, because of information Defendants unlawfully obtained through the medical examinations and inquiries and because of their status as qualified individuals with actual disabilities, perceived disabilities (regarded as disabled), and/or records of disability in violation of the ADA.

13.     The effect of the practices complained of in Paragraphs 12(a) through (g), above, has been to deprive all job applicants of equal employment opportunities, and otherwise adversely affect their status as applicants because of Defendants' use of medical examinations and inquiries and disability in violation of the ADA.

14.     The unlawful employment practices complained of in Paragraph 12(a) through (g), above, were and are intentional.

15.     The unlawful employment practices complained of in Paragraph 12(a) through (g), above, were and are done with malice or with reckless indifference to the federally protected rights of the Charging Parties referenced in Paragraph 11 above and a class of presently identified and unidentified aggrieved persons.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability discrimination, including but not limited to subjecting job applicants to illegal pre-offer medical exams and inquiries, refusal to hire applicants based on information unlawfully obtained through

pre-offer exams and inquiries, refusal to hire applicants because of disability, and any other employment practice which discriminates on the basis of disability or information obtained through unlawful medical examinations and inquiries.

B.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and applicants.

C.      Order Defendants to pay appropriate back pay to the Charging Parties and the class of presently identified and unidentified aggrieved persons entitled to same in amounts to be determined at trial, prejudgment interest, instatement or front pay in lieu thereof, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendants to make whole the Charging Parties identified in Paragraph 11, above, as well as the class of presently identified and unidentified aggrieved persons, by providing compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 12(a)-(g), above, in amounts to be determined at trial.

F.      Order Defendants to make whole the Charging Parties identified in Paragraph 11, above, as well as the class of presently identified and unidentified aggrieved persons, by providing compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraph 12(a)-(g), above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

G.      Order Defendants to pay the Charging Parties identified in Paragraph 11, above, as well as the class of presently identified and unidentified aggrieved persons, punitive damages for the malicious and reckless conduct described in Paragraph 12(a)-(g) above, in amounts to be

determined at trial.

       H.     Grant such further relief as the Court deems necessary and proper in the public interest.

       I.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

FOR:  EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION

      P. DAVID LOPEZ
      GENERAL COUNSEL

      JAMES L. LEE
      DEPUTY GENERAL COUNSEL

      GWENDOLYN YOUNG REAMS
      ASSOCIATE GENERAL COUNSEL

      DEBRA M. LAWRENCE
      Regional Attorney
      EEOC – Philadelphia District Office
      City Crescent Building, 3rd Floor
      10 South Howard Street
      Baltimore, Maryland 21201
      (410) 209-2734
      (410) 962-4270 (facsimile)

      RONALD L. PHILLIPS
      Acting Supervisory Trial Attorney
      EEOC – Baltimore Field Office
      City Crescent Building, 3rd Floor
      Baltimore, Maryland 21201
      (410) 209-2737
      (410) 962-4270 (facsimile)

      LISA H. HERNANDEZ
      Senior Trial Attorney
      Pa. I.D. 87634
      EEOC – Pittsburgh Area Office
      1000 Liberty Avenue, Suite 1112
      Pittsburgh, PA  15222
      (412) 395-5852
      (412) 395-5749 (facsimile)