## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:10-250 JUDGE KIM R. GIBSON |
| GRANE HEALTHCARE CO. and EBENSBURG CARE CENTER, LLC | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Plaintiff's, Equal Employment Opportunity Commission's ("EEOC"), "Motion for Partial Judgment on the Pleadings" (Doc. No. 60) and its "Motion for Protective Order" (Doc. No. 38). Defendants, Grane Healthcare and Ebensburg Care Center, doing business as Cambria Care Center, ("the Defendants") have opposed the motions by filing a "Motion to File Amended Answer to Plaintiff's Complaint and in Opposition to Plaintiff's Partial Motion for Judgment on the Pleadings," (Doc. No. 64) and a "Motion to Compel 30(B)(6) Deposition." (Doc. No. 43). For the reasons that follow, the Court will **GRANT** Defendants' motion to amend the answer, **DENY** Plaintiff's motion for partial judgment on the pleadings, **GRANT** Defendants' motion to compel, and **DENY** Plaintiff's motion for protective order.

## II. JURISDICTION AND VENUE

Jurisdiction is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, *et seq.*, and pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a). Venue is proper under 28 U.S.C. § 1391(b).

## III. BACKGROUND

This case arises from a dispute under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, Pub. L. 110-325, and Title I of the Civil Rights Act of 1991 between the EEOC ("Plaintiff"), the Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and Grane Healthcare and Ebensburg Care Center, doing business as Cambria Care Center, ("the Defendants"). (See Doc. No. 1). Specifically, EEOC alleges that the Defendants participated in an illegal hiring practice where candidates that applied for employment would be subject to medical examinations and health inquiries. (See Doc. No. 1). EEOC alleges that the Defendants used this information in selecting candidates for employment. (See Doc. No. 1). The Defendants denied the allegations and raised affirmative defenses in their answer. (See Doc. No. 8).

On September 14, 2012, Plaintiff EEOC filed a motion for partial judgment on the pleadings (Doc. No. 60), arguing that while Defendants' Answer (Doc. No. 8) generally denied the conditions precedent to this lawsuit, it had failed to do so with the necessary specificity required under relevant law. (Doc. No. 60 at 1). On October 1, 2012, Defendants filed a motion to amend the answer (Doc. No. 64) as a response to Plaintiff's motion.

2

In addition to these two opposing motions, a discovery dispute has arisen in this case and will be determined here in conjunction with these two prior pending motions. On July 9, 2012, Defendants served a Second Revised Notice of a 30(b)(6) deposition to Plaintiff. Through this, Defendants sought information regarding actions undertaken by Plaintiff that form the underlying basis of the EEOC's contention that Defendants violated the ADA. In response, EEOC filed a motion for a protective order (Doc. No. 38), seeking cover against Defendants' deposition request. Defendants next countered on August 3, 2012, with a motion to compel 30(B)(6) deposition. (Doc. No. 43). The parties participated in oral argument regarding the instant motions on January 25, 2013. All pending motions have been fully briefed in this matter, and are now ripe for disposition.

## IV. STANDARD OF REVIEW

### A. Defendant's Motion to Amend

On October 1, 2012, Defendants filed a motion to amend the answer to Plaintiff's complaint. (Doc. No. 64). In such instances, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). As the Third Circuit has explained, a district court may deny a motion to amend a complaint if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)); see also *Jarzynka v. UPMC Health Sys.*, Civ. A. No. 10-1594, 2011 U.S. Dist. LEXIS 111837, *7-8 (W.D. Pa. Sept. 29, 2011).

3

Defendants' motion to amend will be analyzed under this standard as set forth in the discussion section below. Also, Plaintiff's motion for partial judgment on the pleadings will be assessed in accordance with the Court's determination of the motion to amend.

### B. Plaintiff's Motion for a Protective Order and Defendants' Motion to Compel

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the contours for discovery. This rule provides that "[p]arties may obtain discovery of any matter, not privileged, that is relevant to any party's claim or defense." The rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." It is well-settled that Rule 26 establishes a liberal discovery policy. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

This Court is empowered, however, to issue an order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense," if there is good cause to issue such an order. FED. R. CIV. P. 26(c). In this Circuit, the party seeking the protective order bears the burden of showing that it is particularly necessary to obviate a significant harm; broad allegations of harm will not suffice. *Trans Pacific Ins. Co. v. Trans–Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D.Pa.1991) (citing *Cipollone v. Ligget Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986), cert. denied, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987)); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

### V. DISCUSSION

The four motions before the Court can be analyzed as two distinct subsets in order to determine each. The Court will first conduct an analysis of Defendants' motion to amend in

4

conjunction with Plaintiff's motion for partial judgment on the pleadings. The Court will then turn its attention to the two remaining motions, namely, Plaintiff's motion for a protective order and Defendant's motion to compel. For the reasons that follow, the Court will grant both of Defendants' motions and deny both of Plaintiff's motions.

## A. Defendants' Motion to Amend the Answer and Plaintiff's Motion for Partial Judgment on the Pleadings

Defendants seek to amend their answer in order to specifically deny the existence of the conditions precedent that were alleged to occur in the complaint. (See Doc. No. 65). Before the EEOC is able to file a lawsuit in its name, it must establish that it has met four conditions precedent, namely: the existence of a timely charge of discrimination, the fact that EEOC conducted an investigation, issued a reasonable cause determination, and attempted conciliation prior to filing suit. *EEOC v. Allegheny Airlines*, 436 F. Supp. 1300 (W.D. Pa. 1977) citing *E.E.O.C. v. E. I. Dupont de Nemours and Co.*, etc., 373 F. Supp. 1321 (D.Del.1974), *aff'd* on other grounds, 516 F.2d 1297 (3d Cir. 1975). Defendants did not specifically deny the existence of the conditions precedent in their answer. (See Doc. No. 8)

Defendants argue that at the time the answer was filed they were not aware of EEOC's failure to investigate the charge. (See Doc. No. 65 at 3). Defendants claim to have only become aware of this fact during the discovery process. (Id.). In particular, Defendants claim that they did not delay in filing an amended answer because they only learned of the failure during a deposition on September 11, 2012. (Id. at 10). On this basis, Defendants now wish to amend the answer in order to deny that the Plaintiff met the conditions precedent to the lawsuit, of which includes this newly discovered fact. (Id.).

Although Defendants wish to amend their answer over a year after filing, Defendants did not engage in undue delay because they only became aware of the need for an amendment during the discovery process, a month before filing the instant amendment.[1]  Moreover, permitting amendment would not be futile because the EEOC must prove the existence of condition precedents in order to file suit.  Nor would permitting an amendment prejudice the Plaintiff as this is only the first amendment to the pleadings.  The lawsuit remains at an early stage and this Court generally grants leave to amend under a liberal standard.

Determining Defendant's motion to amend must be done in conjunction with a determination of Plaintiff's motion for partial judgment on the pleadings. Plaintiff filed its motion on September 14, 2012, arguing that Defendants' answer generally denied the conditions precedent to this lawsuit, rather than denying them with specificity.  (Doc. No. 60. at 1). Plaintiff's averment in turn requests that the court grant judgment on the pleadings in favor of EEOC regarding the existence of a timely charge of discrimination, the fact that EEOC conducted an investigation, issued a reasonable cause determination, and attempted conciliation prior to filing suit.  (Doc. No. 60 at 2).  As the Court determined above, because it will grant Defendants' motion to amend their answer on the basis of the circumstances underlying how this case has progressed, such a determination renders Plaintiff's motion for partial judgment on the pleadings moot.  Thus, for these reasons, Plaintiff's motion is denied without prejudice, and Defendants will be permitted to amend their answer in accordance with this Memorandum.

---

[1] Defendants filed their instant motion on Oct. 1, 2012, as both a motion to amend and an opposition to Plaintiff's motion for partial judgment on the pleadings, which Plaintiff had filed on Sept. 14, 2012— three days after Defendants became aware of EEOC's alleged failure to investigate the charge.

## B.  Plaintiff's Motion for Protective Order and Defendants' Motion to Compel

Defendants seek to compel a 30(B)(6) deposition in order to examine whether the EEOC satisfied the conditions precedent to the lawsuit as is required with an investigation into whether Defendants used certain health information in making their hiring decisions. (See Doc. No. 43). However, the EEOC seeks to protect such discovery by requesting a protective order from the Court that would permit Plaintiff to avoid providing a designee to testify on such matter. (See Doc. No. 39)

At the heart of this discovery dispute is whether the Defendants are able to challenge the existence of an EEOC investigation regarding Defendants' alleged violations of the ADA. As previously noted, the EEOC must satisfy the condition precedent that there was an investigation prior to filing suit. See *Allegheny Airlines*, 436 F. Supp. 1300 (W.D. Pa. 1977) The Defendants seek to depose the EEOC Investigator in order to discover if an investigation occurred. (See Doc. No. 44). Plaintiff argues that the Defendants are not permitted to challenge the sufficiency of an EEOC investigation and filed the instant motion for a protective order to prevent the deposition of the EEOC investigator. (See Doc. No. 39). Plaintiffs rely heavily on *EEOC v. Keco*, 748 F.2d 1097 (6th Cir. 1984), where the 6th Circuit reasoned that a district court should not determine whether conciliation was sufficient because the form and substance of a condition precedent is a matter of EEOC discretion alone. Defendants counter that they do not seek to challenge the *sufficiency* of the investigation, but seek to challenge the *actual existence* of an investigation. (See Doc. No. 47). Thus, the central question regarding whether such matter is discoverable becomes whether a challenge to the actual existence of an EEOC investigation is tantamount to a challenge of the actual sufficiency of the investigation.

7

As a preliminary matter, in *E.E.O.C. v. LifeCare Management Services, LLC*, No. 02:08–cv–1358, 2009 WL 772834 (W.D. Pa. Mar. 17, 2009), this District held that the EEOC, like all other litigants, must testify to underlying facts and may object to any privileged information at the time the question is presented. Additionally, a Defendant is permitted generally to depose an EEOC investigator where the EEOC is a named party in order to find underlying facts. See *EEOC v. Airborne Express*, 1999 WL 124380, (E.D. PA. 1999). Moreover, the existence of a condition precedent is a relevant fact to the lawsuit because condition precedents are required in order for the EEOC to even file a complaint. See *EEOC v. Allegheny Airlines* 436 F. Supp. 1300 (W.D. Pa. 1977) (EEOC cannot expand their complaint to include employment discrimination in different job classifications where the conciliation only occurred in one job classification); *EEOC v. East Hills Ford Sales*, 445 F. Supp. 985 (W.D. Pa. 1978) (EEOC complaint cannot result in an impermissible broadening by raising issues which had not been subject of EEOC investigation and conciliation).

In the case *sub judice*, the Court finds that the EEOC has not met its burden of demonstrating good cause for a protective order of the deposition of an EEOC investigator for the purpose of discovering the existence of an investigation. The reasoning that the Plaintiff so heavily relies on from the 6th Circuit in *Keco Industries* only goes so far as to say that a district court should not examine the adequacy of an EEOC's investigation. The opinion does not state that a district court should not examine whether the investigation occurred at all. This court believes that, to the extent that Defendants seek discovery on the substantive aspects of the investigation indicating sufficiency, such discovery is precluded and the EEOC may object to such discovery requests during the deposition testimony; however, discovery as to the existence of the occurrence of an actual investigation is not prohibited under controlling authority. Thus,

for these reasons, the Court denies Plaintiff's motion for a protective order and grants Defendants' motion to compel.

## VI. CONCLUSION

As discussed above, the case remains at an early stage of litigation, and in accordance with the Court's liberal standard regarding pleadings, the Court will **GRANT** Defendants' motion to amend the answer (Doc. No. 64). As a procedural matter, Defendants may seek discovery on the existence of the investigation only after amending their answer. As the answer stands now, with no specific objection to the complaint as required by FED. R. CIV. P. 9(c), the procedural aspects of investigation do not fall within the scope of discovery under Fed. R. Civ. P. 26(b)(1). Therefore, the Defendants' motion to compel (Doc. No. 43) is **GRANTED** contingent upon an amended answer. Concomitantly, Plaintiff's motion for a protective order (Doc. No. 38) and motion for partial judgment on the pleadings (Doc. No. 60) are **DENIED**. An appropriate order follows.

9

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:10-250 |
| | ) JUDGE KIM R. GIBSON |
| | ) |
| GRANE HEALTHCARE CO. and EDENSBURG CARE CENTER, LLC | ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Now this 15th day of March, 2013, upon consideration of all four pending motions in this case, and in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendants' "Motion to File Amended Answer to Plaintiff's Complaint and in Opposition to Plaintiff's Partial Motion for Judgment on the Pleadings," (Doc. No. 64) is **GRANTED**, Plaintiff's "Motion for Partial Judgment on the Pleadings" (Doc. No. 60) is **DENIED**, Plaintiff's "Motion for Protective Order" (Doc. No. 38) is **DENIED**, and Defendants' "Motion to Compel 30(B)(6) Deposition." (Doc. No. 43) is **GRANTED**.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

10