IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL NO. 3:10-250 |
| v. | ) ) ) | JUDGE KIM R. GIBSON |
| GRANE HEALTHCARE CO. and EBENSBURG CARE CENTER, LLC, d/b/a CAMBRIA CARE CENTER, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

I.   **Introduction**

Before the Court are Plaintiff's Motion to Amend the Judgment (ECF No. 252), Plaintiff's Motion to Correct the Judgment Due to Clerical Error (ECF No. 253), and Defendants' Motion for Attorney's Fees (ECF No. 248). These matters have been fully briefed (*see* ECF Nos. 249, 254, 255, 258, 261, 262, 265, 268), and are now ripe for disposition. For the reasons that follow, Plaintiff's Motion to Amend the Judgment (ECF No. 252) is **DENIED**, Plaintiff's Motion to Correct the Judgment Due to Clerical Error (ECF No. 253) is **DENIED**, and Defendants' Motion for Attorney's Fees (ECF No. 248) is **DENIED**.

II.   **Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 12117(a). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**III. Background[1]**

This dispute arises from alleged violations of the Americans with Disabilities Act of 1990 (**ADA**). Several individuals who were denied employment at the Cambria Care Center (**CCC**) alleged that Grane Healthcare Co. (**Grane**) and the Ebensburg Care Center (**ECC**) had illegally conducted pre-offer medical examinations of prospective employees, and that these entities had denied certain individuals employment because of actual or perceived disabilities.

After several of the unsuccessful applicants filed charges of discrimination with the Equal Employment Opportunity Commission (**EEOC**), the EEOC commenced this action against Grane and the ECC on September 30, 2010, seeking injunctive and monetary relief to remedy the alleged violations of the ADA. (ECF No. 1.)

On September 14, 2012, the EEOC filed a motion for partial judgment on the pleadings (ECF No. 60.) Grane and the ECC responded to the motion by seeking permission to amend their answer. (ECF No. 64.) The motion for partial judgment on the pleadings was denied without prejudice in a memorandum opinion and order dated March 15, 2013. (ECF No. 86.) Grane and the ECC filed their amended answer three days later. (ECF No. 87.)

The parties filed cross-motions for summary judgment on July 8, 2013, and on March 3, 2014, the Court denied Defendants' motion for summary judgment, and granted in part and denied in part Plaintiff's motion for partial summary judgment. (ECF No. 143.) With respect to the EEOC's requested injunctive relief, the Court granted Plaintiff's motion for partial summary judgment to the extent that it sought an order enjoining Grane from violating § 12112(d)'s

---

[1] The Court has detailed the factual background of this case in previous Memorandum Opinions (*see* ECF Nos. 143, 246). Here, the Court will outline only the facts and procedural background necessary to its decisions on the pending motions.

prohibitions against pre-offer medical examinations and inquiries. (*Id*. at 35.) The Court denied the motion, however, to the extent that it sought injunctive relief against CCC, finding that CCC's status as a "covered entity" within the meaning of the ADA had not been established by the summary judgment record. (*Id*. at 30, 35.) The Court noted that further proceedings would need to be conducted with respect to the issue of damages and as to the issue of CCC's coverage under Title I. (*Id*. at 42.)

After a seven-day bench trial held in December of 2014 and January of 2015, the Court issued a Memorandum Opinion and Order, which included its Findings of Fact and Conclusions of Law, on September 15, 2015 (the **September 15 Opinion**). (ECF No. 246.) In the September 15 Opinion, the Court determined that: (i) Grane and CCC constituted a single employer for the purposes of the ADA; (ii) certain of the drug tests, specifically the Redi-Test drug screens, conducted in this case were proper drug screens and did not constitute medical examinations under the ADA; (iii) Defendants were entitled to judgment on Plaintiff's claims in their favor with respect to each of the claimants, because Plaintiff had failed at trial to establish a prima facie case of disability discrimination; and (iv) Plaintiff failed to prove injury-in-fact or disability discrimination, and therefore could not recover damages or back pay on behalf of any of the claimants. (*Id*. at 69, 73, 127-32.) The Court therefore entered judgment in favor of Defendants. (ECF No. 247.)

## IV. Discussion

### a. Plaintiff's Motion to Amend the Judgment Pursuant to FRCP 59(e)

Plaintiff moves to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 252.) Plaintiff argues that because the Court concluded after trial that Grane and CCC should be substantively consolidated and thus constitute a single employer for purposes of the ADA, the Court should amend the judgment entered on September 15, 2015, to reflect that in addition to Grane, CCC is also subject to the injunction that the Court granted at the summary judgment stage. (*Id*. ¶¶ 5-6.)

In opposition to Plaintiff's motion to amend the judgment, Defendants argue that (1) Plaintiff has failed to establish that it is entitled to relief under FRCP 59(e), and that its motion is also inadequate under FRCP 7(b) and this Court's local rules, (2) the injunction Plaintiff seeks is overbroad and unenforceable, (3) the injunction would be inappropriate because, in accordance with the Court's Findings and Conclusions following trial, the issue of pre-offer medical examinations is now moot as to Defendants, and (4) the requested injunction would be based, at least in part, on factual assumptions at the summary judgment stage that were later reversed at trial. (ECF No. 254.)

The purpose of a motion under FRCP 59(e) is to correct manifest errors of law or fact, or to present newly-discovered evidence. *U.S. v. Municipal Authority of Union Tp.*, 181 F.R.D. 290, 293 (M.D. Pa. 1996) (citing *Universal Premium Acceptance Corp. v. York Bank & Trust Co.*, 1996 WL 43288, at *4 (E.D. Pa. July 30, 1996)). A court may alter or amend a judgment pursuant to FRCP 59(e) if the party seeking reconsideration establishes at least one of the following grounds for its motion: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3)

the need to correct clear error of law or prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration addresses only factual and legal matters that the court may have overlooked . . . [b]ecause federal courts have a strong interest in the finality of judgments," Rule 59(e) motions in this district "should be granted sparingly." *N. Am. Communs., Inc. v. InfoPrint Solutions Co., LLC*, 817 F.Supp.2d 623, 640 (W.D. Pa. 2011) (internal quotation marks and citations omitted).

Plaintiff has failed to state on which of the three possible grounds for relief that are available under FRCP 59(e) it bases its request for amendment. Despite this lack of specificity, given that Plaintiff has made no attempt to argue that there has been an intervening change in controlling law, or to establish the existence of newly-available evidence, the Court will assume that Plaintiff seeks amendment of the judgment pursuant to FRCP 59(e): "to correct clear error of law or [to] prevent manifest injustice." *See Lazaridis*, 591 F.3d at 669. The Court concludes, however, that Plaintiff has failed to establish that the Court's failure to include CCC as a party to whom the earlier-granted permanent injunction applies was a "clear error of law" or constitutes "manifest injustice." To the contrary, given the Court's findings at trial, the Court concludes that the issue of pre-offer medical examinations with regard to Defendants in this case is now moot, and that to enter an injunction against CCC is unnecessary and would be inappropriate at this time.

After a review of the summary judgment record, and having made all appropriate inferences therefrom, the Court entered a permanent injunction against Grane on March 6, 2014,

5

wherein the Court stated, "Grane is **PERMANENTLY ENJOINED** from conducting pre-offer medical examinations and inquiries proscribed by 42 U.S.C. § 12112(d)(2)(A). Grane shall not conduct medical examinations or inquiries of job applicants before extending bona fide offers of employment to those persons." ([ECF No. 143 at 59](#)). Plaintiff is correct that, in the September 15 Opinion, the Court concluded that Grane and CCC should be substantively consolidated for purposes of the ADA. That the Court determined Defendants should be consolidated for purposes of the ADA does not, however, require that the injunction entered in 2014 be automatically extended to apply to CCC.

Injunctive relief is available under the ADA "[i]f the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint." 42 U.S.C.A. § 2000e-5(g)(1). At the summary judgment stage, the Court found that injunctive relief was appropriate with regard to Grane. ([ECF No. 143](#).) The Court's findings and conclusions following trial, however, demonstrate that the issue of pre-offer medical examinations is now moot with regard to Defendants, such that awarding an injunction against CCC at this stage is unnecessary and would be inappropriate under the ADA.

At trial, the Court found that Beth Lengle, "'absolutely did not know' when she was hiring employees for Cambria Care Center that it violates the Americans with Disabilities Act to conduct a physical exam prior to making an employment offer, although she knows that now." ([ECF No. 246 at 64](#).) The Court credited Ms. Lengle's testimony generally, and on this point specifically. (*Id*[. at 130](#).) These findings by the Court demonstrate that the pre-offer medical examinations from which Grane is enjoined from performing by the Court's March 2014 Order

6

constituted a past mistake made by Ms. Lengle of which she is now aware. Plaintiff has cited no violations or threatened violations of the injunction, and has provided no support for a finding that there is a risk that CCC is intentionally performing medical examinations of the type that Plaintiff now seeks to enjoin.

The factual findings and conclusions of law, including those facts discussed above, do not demonstrate that the court found intentional violation on the part of CCC employees at trial. Plaintiff has failed to cite any finding made by the Court which indicates that the unlawful conduct is ongoing or at risk of continuing. Nor has Plaintiff cited any authority to support its assertion that injunctive relief would be appropriate against CCC at this time. In such an instance, injunctive relief is unavailable against CCC. Plaintiff's motion to amend the judgment pursuant to FRCP 59(e) is therefore denied.[2]

### b. Plaintiff's Motion to Correct the Judgment Pursuant to FRCP 60(a)

Simultaneously with its motion to amend the judgment, Plaintiff moves the Court to make a correction to the judgment based on clerical error, oversight, or omission, pursuant to FRCP 60(a). (ECF No. 253.) In support of this motion, Plaintiff states that neither the Court's Memorandum Opinion (ECF No. 246) nor the final judgment (ECF No. 247) referenced the earlier ruling of the Court which granted partial summary judgment to Plaintiff on Section 12112(d) liability and entered an injunction against Defendant Grane. (ECF No. 253 ¶ 4.) Without citation, Plaintiff states that the omission was "clearly" an oversight. (ECF No. 261 at

---

[2] Plaintiff's argument that the issue of liability under the single employer doctrine was not necessary except as it applied to CCC's liability for violations of 42 U.S.C. § 12112(d)(2)(A) is without merit. The Court was required to determine whether Grane and CCC constituted a single employer for purposes of the ADA before it could proceed to address the alleged violations of the ADA, as this threshold issue dictated whether the remaining alleged violations and potentially resulting damages would be analyzed with respect to one consolidated defendant, or two distinct defendants.

7

1.) Plaintiff requests that the Court "correct the Judgment to incorporate its earlier finding of liability as to the Section 12112(d) violations and the permanent injunction entered by the Court based on that ruling." (ECF No. 253 ¶ 5.)

In opposition to Plaintiff's motion to correct the judgment pursuant to FRCP 60(a), Defendants argue that Plaintiff seeks substantive relief, which is improper under FRCP 60(a). (ECF No. 255 at 1-3.) In addition, Defendants argue that if the Court granted Plaintiff's request, the injunction would be improperly broad and unenforceable, and inappropriate in light of the Court's findings and conclusions following trial. (*Id.* at 3-4.) Defendants also argue that the issue of pre-offer medical examinations is moot as to Defendants, such that the Court should not now amend the judgment to renew the injunction against Grane and extend the injunction to CCC. (*Id.* at 6.) Lastly, Defendants state that the requested relief is inappropriate, given that the injunctive relief granted at the summary judgment stage was premised upon facts that were accepted for the purposes of deciding the summary judgment motions, but were later negated at trial. (*Id.* at 6-7.)

FRCP 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED.R.CIV.P. 60(a). FRCP 60(a) "is limited to the correction of 'clerical mistakes'" and "encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) (internal quotations and citations omitted). "'[T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is

correctable under the Rule.'" *Id*. at 130 (quoting *Barris v. Bob's Drag Chutes & Safety Equip., Inc.*, 717 F.2d 52, 55 (3d Cir. 1983)).

The Court concludes that Plaintiff's requested relief with respect to its motion to correct the judgment is unnecessary and will therefore be denied. Plaintiff cites no authority, and the Court is aware of none, that requires an interlocutory order granting a permanent injunction to be incorporated into a final judgment entered after trial. The Court finds no reason, particularly given that there have been no violations or threatened violations of the injunction of which the Court is aware, to now renew the injunction or to insert the requested language into the judgment that issued at [ECF No. 247](ECF No. 247). As noted above, the issue of pre-offer medical examinations is now moot as to the Defendants because of the Court's credibility determinations and factual findings at trial. It is therefore unnecessary to "correct" the judgment to reflect the violations that the Court found at the summary judgment stage or the injunction that the Court entered at that time. Plaintiff's motion to correct the judgment due to clerical error is therefore denied.

The Court notes, however, that to the extent that Defendants' briefs in opposition to Plaintiff's motions to amend and correct the judgment suggest that the permanent injunction entered on March 6, 2014, has been dissolved solely by the fact that the Court did not include it in the final judgment, this argument is without merit. The Court holds only that (1) the request for an additional injunction, or an extension of the original injunction, to Defendant CCC is inappropriate and is therefore denied, and (2) the final judgment need not be corrected to include the injunction entered at summary judgment. The injunction entered against Grane on

March 6, 2014, remains in effect; the Court has not considered any arguments included in the briefing as to the injunction's enforceability as those issues are not properly before the Court.

### c. Defendants' Motion for Attorney's Fees

Defendants move for attorney's fees and costs. ([ECF No. 248](#).) In support of the motion, Defendants argue that they were the prevailing parties after the bench trial held in December of 2014 and January of 2015, and that they are entitled to fees and costs pursuant to 42 U.S.C. § 12205. Specifically, Defendants argue that they are entitled to recover fees and costs because: (1) the EEOC failed to prove a *prima facie* case; (2) Defendants made no legitimate settlement offer based on the merits of the EEOC's case; (3) the Court expressly retracted many of its summary judgment holdings in its opinion illustrating that trial was unnecessary; (4) the EEOC did not present a novel issue or question of first impression; (5) there was no real 'threat of injury' to the claimants; and (6) the EEOC continued to litigate this matter even after it should have been aware that is claims were frivolous. ([ECF No. 248 at 1](#).)

The Court disagrees, and concludes that even a cursory review of the relevant law dictates that Defendants' motion for attorney's fees be denied. Indeed, the Court finds much support for this conclusion in many of the cases cited in Defendants' own brief, as the Court will explain more fully below.

As a general rule, in the United States, in the absence of legislation providing otherwise, litigants pay for their own attorney's fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415-16 (1978). Congress may provide for exceptions to this general rule "under selected statutes granting or protecting various federal rights." *Id*. at 415 (internal quotations omitted). One such statute, 42 U.S.C. § 12205, provides, "[i]n any action or administrative proceeding pursuant to

this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual." 42 U.S.C. § 12205.

A district court may therefore award attorney's fees to a prevailing defendant, but only if the district court makes "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421. The Supreme Court of the United States has warned that, "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id*. at 421-22.

The Third Circuit has outlined several factors relevant to the determination of whether a plaintiff's unsuccessful civil rights claim was frivolous. These factors include "whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits . . . whether the question in issue was one of first impression requiring judicial resolution, the controversy is based sufficiently upon a real threat of injury to the plaintiff, the trial court has made a finding that the suit was frivolous under the *Christiansburg* guidelines, and the record supports such a finding." *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). These factors "are

merely guidelines, not strict rules," and determinations of frivolity are to be made on a case-by-case basis. *Id* (internal quotations and citation omitted).

The parties dispute, as a threshold issue, whether Defendants were the "prevailing parties" in this case. (*See* [ECF No. 249 at 3](#); [ECF No. 258 at 2](#); [ECF No. 265 at 2-4](#).) The Court will assume, without deciding the issue, that Defendants were the prevailing parties in this case, because the Court has little difficulty concluding that Plaintiff's claims were not frivolous, unreasonable, or without foundation. Therefore, even assuming Defendants were indeed the prevailing parties, they are not entitled to attorney's fees and costs because Plaintiff's claims do not satisfy the *Christiansburg* standard.

Defendants argue that Plaintiff's failure to prove a prima facie case under the ADA at trial weighs in favor of a finding that Plaintiff's claims were frivolous. ([ECF No. 249 at 4-5](#).) In response, Plaintiff argues that the fact that Defendants' motion for summary judgment was denied and Plaintiff's claims proceeded to trial on genuine issues of fact weighs strongly against a finding that Plaintiff's claims were frivolous.

Defendants concede that normally the fact that a case proceeded to trial weighs against an award of attorney's fees. ([*Id.* at 7](#).) Nevertheless, Defendants attempt to argue that the fact that this case went to trial may weigh in favor of granting attorney's fees. ([*Id*](#).) Defendants state that "at least one court in this District has considered the fact that a case proceeded to trial to weigh in favor of granting fees as compensation for the protracted nature of an otherwise frivolous claim." ([*Id*](#). (citing *LaGatta v. Pennsylvania Cyber Charter School*, 2012 WL 393423, at *3 (W.D. Pa. Feb. 6, 2012)).

The Court disagrees with Defendants' reading of this case, and is at a loss as to how *LaGatta* supports Defendants' motion for attorney's fees. *LaGatta* is procedurally distinct from the case at hand: in that case, the plaintiff's claims were dismissed as a matter of law before trial. Moreover, *LaGatta* did not reach the result Defendants seek, as the court in that case denied the motion for attorney's fees. The Court in *LaGatta* did indicate that the fact that the case was resolved prior to trial weighed against an award of attorney's fees. *See LaGatta*, 2012 WL at *3. This one line from the opinion does not, however, support Defendants' position for multiple reasons: (1) the fact that one court stated that not going to trial may weigh against attorney's fees does not require that the converse be true—that is, this statement does not necessarily mean that going to trial weighs in favor of attorney's fees; (2) as discussed above *LaGatta* is factually and procedurally distinct from the case at hand; and (3) *LaGatta*'s reasoning here goes against the vast majority of case law which holds that the fact that a case goes to trial weighs heavily in favor of a finding that claims are not frivolous and that attorney's fees are therefore not warranted. The Court thus finds no support for Defendants' position in *LaGatta*.

In fact, as Plaintiff points out in its brief in opposition to Defendants' motion for attorney's fees, Defendants fail to cite a single case in which, as here, a defense motion for summary judgment was denied and the case proceeded to trial on the merits and in which the Court nonetheless awarded the defendant attorney's fees.

Rather, the cases cited by Defendants in support of their motion for attorney's fees are factually and procedurally distinct from the one at hand, and provide no support for the appropriateness of an award of attorney's fees in this case. *See, e.g.*, *Ullman v. DA of Schuylkill County*, 2014 U.S. Dist. LEXIS 54186 (E.D. Pa. March 26, 2014) (granting attorney's fees based

upon a finding that the claims were frivolous after the district court had dismissed Plaintiff's claims on a FRCP 12(b)(6) motion), *Goodlett v. Del., Dep't of Elections*, 2012 U.S. Dist. LEXIS 14059 (D. Del. Feb. 6, 2012) (granting unopposed motion for attorney's fees after district court had granted summary judgment in favor of defendant). Here, the Court determined that genuine issues of material fact warranted trial in this case, and denied Defendants' motion for summary judgment after thorough briefing. That Plaintiff did not ultimately prevail at trial does not lead the Court to conclude that the claims were frivolous. To award attorney's fees in this case would be to engage in the very "*post hoc* reasoning" against which the Supreme Court has warned. *See Christiansburg*, 434 U.S. at 421-22.

Defendants remaining arguments are similarly unavailing. Defendants argue unpersuasively that the Court "explicitly retract[ed] many of its summary judgment holdings" and therefore "recognized that the EEOC did not have sufficient evidence to proceed to trial." ([ECF No. 249 at 7](#).) Defendants either misunderstand the difference between the Court's task at the summary judgment stage versus after a bench trial, or they misconstrue the conclusions outlined in the September 15 Opinion. (*See* [ECF No. 246](#).) Either way, the argument does not support a finding that Plaintiff's claims were frivolous.

Far from "recogniz[ing] that the EEOC did not have sufficient evidence to proceed to trial," the Court reached its post-trial determinations outlined in the September 15 Opinion in consideration of testimony and credibility determinations. (*See [id](#).* at 73, 79, 90.) The Court's role at summary judgment is to determine whether the evidence presented at that stage is sufficient such that a reasonable jury could return a verdict for the nonmoving party. *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir.2009). In making this determination, the court

14

"must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (internal quotations omitted).

Here, the fact that the Court drew reasonable inferences at the summary judgment stage that were later disproven at trial does not lead to the conclusion that the Court "recognized that the EEOC did not have sufficient evidence to proceed to trial," as Defendants suggest that it does. ([ECF No. 249 at 7](#).) Nowhere in the September 15 Opinion did the Court indicate that Plaintiff should not have been permitted to proceed to trial; that was not the question before the Court following the bench trial in this matter. Rather, the Court's role after the bench trial was to determine whether Plaintiff had succeeded in *proving* its case. This, the Court determined, Plaintiff had failed to do, based on weighing the testimony presented and judging the credibility of witnesses—exercises in which the Court was prohibited from engaging at the summary judgment stage. For these reasons too, then, the Court rejects Defendants' argument that Plaintiff's failure to prove its prima facie case at trial supports an award of attorney's fees.

To the contrary, that the case proceeded to trial and that the EEOC's claims were denied only after the Court had the opportunity to weigh evidence and make credibility assessments leads the Court to conclude that the EEOC's claims were not frivolous, and that attorney's fees are therefore not warranted. *See EEOC v. L.B. Foster*, 123 F.3d 746, 751-52 (3d Cir. 1997) (reversing district court's award of attorney's fees after defense motion for summary judgment was denied but judgment was entered in the defendant's favor following a bench trial, and noting that "cases where findings of frivolity have been sustained typically have been decided

in the defendant's favor on a motion for summary judgment . . . or a motion for involuntary dismissal) (internal quotations omitted).

Defendants also argue that although they made an offer to settle Plaintiff's claims for $26,000, this was a nominal settlement offer made only to avoid the costs of protracted litigation, and that the absence of a "legitimate" settlement offer weighs in favor of a finding that Plaintiff's claims were frivolous. (ECF No. 249 at 5-7.)

The Court does not find Defendants' argument that their offer of settlement was nominal to be particularly compelling, especially in light of the fact that Defendants have cited no binding or persuasive law which would indicate that a settlement offer of $26,000 is nominal. (*See id*.) The Court need not analyze this issue exhaustively, however, because even if Defendants' offer of settlement was nominal, the Court would reach the same result and would deny the motion for attorney's fees, because the facts and procedural history of this case weigh so decidedly against a finding that Plaintiff's claims were frivolous. *See Weisberg v. Riverside Tp. Bd. of Educ.*, 272 Fed. Appx. 170 (3d Cir. 2008) (affirming denial of motion for attorney's fees even though the defendant did not make an offer to settle because the court did not find that the plaintiff's claim was wholly without foundation).

Similarly, the parties dispute whether this case involved an issue of first impression. Defendants argue that the determinative issues in this case did not involve matters of first impression (ECF No. 265 at 7). Plaintiff argues that the case involved several issues of first impression, including whether the EEOC could obtain punitive damages for successful applicants who were subjected to illegal pre-offer medical examinations, and whether Defendant Grane could be liable as an agent for Defendant CCC when CCC did not employ

16

fifteen or more persons for twenty or more calendar weeks until after the relevant conduct had taken place. (*See* [ECF No. 258 at 22-23](#).) The Court tends to agree with Defendants and concludes that the key issues in this case were not matters of first impression, even though Plaintiff has cited a few more narrow issues that may qualify as issues of first impression. Again, however, as with the issue of settlement discussed above, the Court's conclusion that attorney's fees are inappropriate in this case is unchanged by the fact that the case did not involve key issues of first impression because the facts of this case indicate overwhelmingly that Plaintiff's claims did not lack foundation. While the presence of issues of first impression would be persuasive evidence that the claims were not frivolous, the Court has already determined that Plaintiff's claims did not lack foundation, and the absence of novel issues does not change this determination. *See Heard v. St. Luke's Hosp.*, 2010 WL 2569233 (E.D. Pa. June 21, 2010) (denying motion for attorney's fees despite the fact that the claims raised were not novel or of first impression).

Defendants' motion for attorney's fees is therefore denied. *See id*. (denying petition for attorney's fees and costs where the Court found the claim was not "wholly without foundation or frivolous under *Christiansburg*" despite having found that the Plaintiff did not establish a *prima facie* case, that the defendants had not offered to settle, and that the issues presented were not novel or of first impression). *See also Hughes v. City of Bethlehem*, 2009 WL 255859, at *2 (E.D. Pa. Feb. 3, 2009) (finding that, despite the fact that the plaintiff's claim was dismissed on a summary judgment motion for failure to produce sufficient evidence, her claims were not "frivolous, unreasonable, or without foundation," and therefore denying the defendants' motion for attorney's fees).

## V. Conclusion

For the reasons stated above, Plaintiff's Motions to Amend the Judgment and to Correct the Judgment due to Clerical Error (ECF Nos. 252 and 253) are denied. Defendants' Motion for Attorney's Fees (ECF No. 248) is also denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL NO. 3:10-250 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | JUDGE KIM R. GIBSON |
| GRANE HEALTHCARE CO. and EBENSBURG CARE CENTER, LLC, d/b/a CAMBRIA CARE CENTER, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this **15th** day of June, 2016, upon consideration of Plaintiff's Motion to Amend the Judgment (ECF No. 252), Plaintiff's Motion to Correct the Judgment due to Clerical Error (ECF No. 253), and Defendants' Motion for Attorney's Fees (ECF No. 248), and in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend the Judgment (ECF No. 252) is **DENIED**, and **IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct the Judgment Due to Clerical Error (ECF No. 253) is **DENIED**, and **IT IS FINALLY ORDERED** that Defendants' Motion for Attorney's Fees (ECF No. 248) is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE